[L. A. No. 13901. In Bank.—May 1, 1933.]

W. MAXWELL BURKE, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

144

D. G. Wettlin, Clyde C. Downing and Franklin G. West for Petitioner.

Philbrick McCoy and S. F. Gallagher for Respondent.

THE COURT.—This is a petition to review a recommendation of the Board of Governors of The State Bar of California, that petitioner be suspended from the practice of the law for a period of three months. The charges upon which this recommendation was based were solicitation of employment, and acceptance of employment on behalf of a claimant in personal injury cases as a result of the activities of an unlicensed person. The facts show that the Mexican consul at Los Angeles had organized an honorary commission with headquarters at Santa Ana, of which one Lucas Lucio was president. Lucio was instructed to investigate the difficulties of Mexican nationals in Santa Ana and see that their rights were properly protected. He reported all cases to the consulate, and was subsequently told to direct them to petitioner. Petitioner performed a great deal of gratuitous work, and also collected fees from many of the clients. He employed Lucio as an interpreter, investigator and process server, paying him between $15 and $20 per week. It appears that Lucio solicited employment of petitioner among the Mexican residents, chiefly in personal injury cases, and in one or two cases, among native-born residents. He had some of petitioner's cards, supplied to him in order that he might direct clients to petitioner's office. In one case he signed the contract with the client, on behalf of petitioner.

Upon this evidence the administrative committee found that while there was no direct evidence of knowledge on the part of petitioner that Lucio was soliciting employment in his behalf, the circumstances were such that petitioner was chargeable with that knowledge. From this finding the conclusion was drawn that there had been a violation of Rule 3 of the Rules of Professional Conduct of The State Bar.

In our opinion the order of suspension finds no substantial support in the record, and it is not necessary for us to go to the evidence at all, for the findings disclose the weakness and uncertainty of the case against petitioner. These findings disclose, preliminarily, a splendid history of legal training and practice on the part of petitioner, together with academic positions in sociology, political science and economics in such institutions as Columbia University, University of Pennsylvania, University of California, Albion, Occidental and Oberlin colleges. During 1918 and 1919 he was for a time assistant director of the law school in Baume University in Burgundy, France, and from about 1921 to 1924 was a deputy district attorney in Los Angeles County.

What do the findings state as to the activities which form the basis of the complaint? *"Mr. Pasqueira, the Mexican consul, instructed Mr. Lucio* to direct all cases to the accused, W. Maxwell Burke. For this service, neither Mr. Lucio nor Mr. Burke received any compensation whatever from the Mexican consulate, or the Mexican government, with the result that both Mr. Burke and Mr. Lucio performed for the Mexican people at Santa Ana and vicinity a large amount of gratuitous and meritorious service." "The accused, W. Maxwell Burke, did not have many Mexican clients until he made the consular connection above mentioned, since which time he has handled a large portion of the Mexican business at Santa Ana." "In the above cases *I do not find any direct evidence* that the accused knew at the time the cases were brought to him that they had been solicited for him by Lucas Lucio, but . . . it is *hardly conceivable* in view of the fact that Lucio was in the employ of Mr. Burke *that the accused did not know,* or at least have *strong reason to believe,* that Lucio had solicited the cases for him . . . I therefore find that he *must have known* of the solicitations of such cases by Lucio." (Italics ours.)

The findings are also at some pains to declare that while a foreign consul should be given a "great deal of latitude" in "trying to protect his nationals", he should not, and did not in this case, authorize the solicitation of business in violation of the law and ethics of the legal profession. The consul is thus absolved, and the findings with great candor state: "The fault is not with the Mexican consul in the discharge of his duties, but *rather in the manner of carrying out his instructions by Lucio.*" Inasmuch as the acts complained of herein have, according to these findings, resulted from the violation of instructions or authority by a representative of the Mexican consul, and there is no direct evidence that the accused even knew of these acts, and of course no evidence at all that he himself authorized them, we are unable to understand how the guilt of petitioner can be considered as established. It should not be forgotten, in the language of the findings, that "there is *no evidence whatsoever* that W. Maxwell Burke, the accused, was guilty of any act involving moral turpitude or affecting his honesty or integrity, or anything other than affecting his ethical standard of professional conduct." (Italics ours.)

There is other material in the findings which clarifies the case. They state: "This case is an off-shoot of one that preceded it, in which charges were preferred against one Charles Carillo, the Spanish interpreter at the court house, who was accused of some alleged dereliction of duty and malfeasance." The matter, it is further stated, was agitated by the "Santa Ana Register", of which petitioner's brother is the publisher. Petitioner appeared as attorney for his brother, both in this proceeding and in a subsequent libel suit instituted by Carillo against the newspaper. Mr. N. D. Meyer appeared as attorney for Carillo. Out of these cases, the findings continue, "has grown bad feeling, assuming the color of a feud between the Mexican people who were partisans of one side and those who were partisans of the other". Still further: "The Santa Ana Register acted as a sponsor for the Mexican people and employed Mr. Lucas Lucio to produce affidavits for it, and to interview Mexicans, and it was largely through this situation that Mr. Pasqueira, the Mexican consul at that time, felt grateful to Mr. Burke, the accused, for his services, and *which resulted later in his recommending Mr. Burke in practically*

*all Mexican cases.* At that time *N. D. Meyer controlled a large portion of the Mexican business of Santa Ana, much of which he lost after Mr. Pasqueira recommended that the Mexican cases should be sent to Mr. Burke.*" (Italics ours.) N. D. Meyer was the complainant in this proceeding against petitioner.

The proceeding against petitioner is hereby dismissed.